UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KERRY D. MILLER,**

        **Plaintiff,**          **CIVIL ACTION NO. 03-CV-73684-DT**

    **vs.**

                           **DISTRICT JUDGE AVERN COHN**

**CARMEN PALMER,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:**  Plaintiff's Motion to Amend, construed as a Motion to Reopen and for

Relief from Judgment under Fed. R. Civ. P. 60(b) should be **DENIED**.

***

      Plaintiff, currently incarcerated by the Michigan Department of Corrections (MDOC), was

allowed to proceed *in forma pauperis* and filed the instant complaint on September 29, 2003, pursuant to

42 U.S.C. § 1983 alleging violations of his constitutional rights.  On June 7, 2004, the undersigned issued

a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted based

on Plaintiff's failure to exhaust his available administrative remedies.  Over Plaintiff's objections, the

Honorable Avern Cohn adopted the  undersigned's Report and Recommendation and dismissed the

case in an Order dated June 25, 2004.  On February 22, 2005, Plaintiff filed a Motion to Amend

Complaint which the Court construes as a Motion to Reopen and for Relief from Judgment under Fed.

R. Civ. P. 60(b).  In this recent Motion to Amend, Plaintiff seeks to add and drop certain Defendants

against whom he now alleges that he has exhausted his administrative remedies.[1]

_____

     [1] Along with the Motion to Amend, Plaintiff submits numerous documents including grievance forms
predating the allegations contained in the complaint.

Plaintiff's post-judgment Motion to Amend is properly considered as a Motion for Relief from

Judgment under Fed. R. Civ. P. 60(b) which provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time,

Fed. R. Civ. P. 60(b). In this case, Plaintiff's only plausible ground to support his motion is that he has

now exhausted his administrative remedies such that the Court should proceed with the merits of his

case. For the following reasons, the Court concludes that Plaintiff's Motion to Amend should be

denied.

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all

administrative remedies *before* filing a section 1983 action. Specifically, the statute provides, "no action

shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by

a prisoner confined in any jail, prison or other correctional facility until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). Because he failed to exhaust his administrative

remedies *prior* to filing this action, Plaintiff's remedy is not to reopen the instant case but rather file a

new lawsuit. *See Gunther v. Ohio Dep't of Corrections*, 1999 U.S. App. LEXIS 29762 (6th Cir.

1999)(unpublished)(upholding the district court's decision to deny a prisoner's motion to reopen where

his case was dismissed for failure to exhaust). Plaintiff does not allege that he cannot refile his case and

it does not appear from the face of the complaint that the action would be barred by the applicable

statute of limitations. Furthermore, because Plaintiff seeks to both add and drop Defendants from the initial complaint, the better practice would be for Plaintiff to refile his case and attach *only* those grievances that demonstrate exhaustion as to the Defendants he wishes to name. Plaintiff must also resubmit an application to proceed *in forma pauperis* and pay the applicable partial filing fee as the application in the instant case was based on Plaintiff's circumstances in September 2003.

Based on the foregoing, the Court concludes that Plaintiff's Motion to Amend, construed as a Motion to Reopen and for Relief from Judgment under Fed. R. Civ. P. 60(b) should be **DENIED**.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 23, 2005                         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Kerry Miller, Christopher M. Campbell, Kimberley A. Koester and Ronald W. Chapman on this date March 23, 2005.

Dated: 3/25/05                                s/ Lisa C. Bartlett
                                              Courtroom Deputy